UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE SANCHEZ AND GUADALUPE SANCHEZ, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY AND TIMOTHY STEVENS | § § § § | **(JURY)** |
| Defendants. | § § | |

**DEFENDANTALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S
NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL**

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

Defendant Allstate Fire and Casualty Insurance Company ("Allstate") files this Notice of Removal and Demand for Jury Trial of Cause Number DC-17-00828, styled *Jose Sanchez and Guadalupe Sanchez v. Allstate Fire and Casualty Insurance Company and Timothy Stevens,* currently pending in the 95th District Court, Dallas County, Texas.  Allstate removes the case to the U.S. District Court for the Northern District of Texas, Dallas Division.  As grounds for removal, Allstate states as follows:

**I.
OVERVIEW**

1.1     This case involves a dispute over insurance benefits under a Homeowners policy of insurance issued by Allstate to Plaintiffs Jose and Guadalupe Sanchez, for alleged storm damage to Plaintiffs' home on May 10, 2015.  (*See* Plaintiffs' Petition).  Plaintiffs commenced this action, styled *Jose Sanchez and Guadalupe Sanchez v. Allstate Fire and Casualty Insurance Company and Timothy Stevens,* currently pending in the pending in the 95th District Court,

Dallas County, Texas, against Allstate by filing his Plaintiffs' Original Petition on January 23, 2017 under Cause Number DC-17-00828.  In Plaintiffs' Original Petition, they seek to recover damages from the Defendants in excess of $200,000.00 but not over $1,000,000.00.  (*See* Plaintiffs' Petition, para. 4)  Allstate was served with Plaintiffs' Original Petition on February 15, 2017.   Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).  A true and correct copy of all process, pleadings, and the orders served upon Allstate in the state court action are being filed with this Notice as required by 28 U.S.C. § 1446(a), and are attached hereto as Exhibit "A".

## II.
## DIVERSITY JURISDICTION

2.1     The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties as contemplated by 28 U.S.C. § 1332(a). The Plaintiffs are now, and were at the time the lawsuit was filed, residents and citizens of the State of Texas.  (*See* Plaintiffs' Petition, page 1).  Defendant Allstate is an Illinois Corporation with its principal place of business in Illinois. Accordingly, Allstate is a citizen of the States of Illinois and complete diversity exists.  An additional Defendant in the case is Timothy Stevens, a citizen of the State of Minnesota.   His citizenship, however, is irrelevant as he has been improperly joined in this action.

There being complete diversity between the Plaintiffs and Defendant Allstate, this case is properly removed to the U.S. District Court for the Northern District of Texas, Dallas Division.

2.2     The doctrine of improper joinder is an exception to the requirement of complete diversity and provides that a defendant may remove a case to a federal forum unless the in-state defendants were property joined.  *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir.

2004).   Improper joinder is demonstrated where (1) there is actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse party in state court.   *See Travis v. Irby*, 325 F.3d 644, 646-47 (5th Cir. 2003).   In this case the Plaintiffs have alleged no causes of action against Defendant Timothy Stevens, have not listed him as a party and have not even requested service of citation on him.   See Plaintiffs' Petition, Section II.

2.3     Despite naming him as a defendant, the Plaintiffs have failed to assert any causes of action against Defendant Timothy Stevens.   He is a defendant in name only and the pleadings are in violation not only of the pleading requirements set forth in Rule 91a of the Texas Rules of Civil Procedure, but also the federal pleading requirements established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1945, 173 L.Ed.2d 868 (2009).   As such, the allegations against Timothy Stevens exemplify the badge of improper joinder.

2.4     Policyholders in Texas have a long history of improperly joining insurance adjusters and agents as party-defendants in first-party suits against their insurance company to recover policy benefits in an effort to avoid removal of the case from state court to federal court. This is yet another example of one such case.   The essence of this lawsuit is the Plaintiffs' right of recovery under the insurance contract.   Under such circumstances, Timothy Stevens has been improperly joined.   Because Defendant Timothy Stevens has been improperly joined, the claims against him should not only be disregarded for purposes of determining diversity, but also should also be dismissed in their entirety as a matter of law.

## III.
## REMOVAL PROPER

3.1     This Court has original jurisdiction over this case pursuant to 28 U.S.C. §

1332(a)(1) as an action wholly between citizens of different states with the matter in controversy

exceeding the sum or value of $75,000.00, exclusive of interest and costs.

3.2     Under 28 U.S.C. § 1441(a), the removed action is proper in this Court as the

district and division embracing the place where the state court action is pending.

3.3     Defendant Allstate, the removing party, will promptly give the parties written

notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).  Allstate will

promptly file a copy of this Notice of Removal with the clerk of the 95th District Court, Dallas

County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

3.4.     Defendant hereby demands a trial by jury.

## IV.
## EXHIBITS ACCOMPANYING REMOVAL

4.1     In conjunction with filing this Notice of Removal, Defendant Allstate files the

following documents as exhibits:

Exhibit "A" – Index/Documents filed in the 95th District Court, Dallas County,
Texas

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Fire and Casualty

Insurance Company pursuant to these statutes and in conformance with the requirements set

forth in 28 U.S.C. §1446, removes Cause Number DC-17-00828, styled *Jose Sanchez and*

*Guadalupe Sanchez v. Allstate Fire and Casualty Insurance Company and Timothy Stevens,*

currently pending in the 95th District Court, Dallas County, Texas to this Court on the 10th day

of March, 2017 for trial and determination.

Respectfully submitted,


_____/s/David G. Allen_____
David G. Allen
State Bar No.: 00786972
allen@stacyconder.com
Danah L. Woods
State Bar No.: 24045259
woods@stacyconder.com

**STACY | CONDER | ALLEN LLP**
901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 (fax)

**ATTORNEYS FOR DEFENDANTS**


**CERTIFICATE OF SERVICE**

On March 10, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).


_____/s/David G. Allen_____
David G. Allen


DGA/PLDG/582324.1/000003.17058